FILED
IN OPEN COURT
MAR 16 2023
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

UNITED STATES OF AMERICA

v.

SAMER NAJIA,

Defendant.

Case No. 1:23-CR-45

**STATEMENT OF FACTS**

The United States and the defendant, SAMER NAJIA, stipulate that the allegations in the Criminal Information and the following facts are true and correct. The United States and the defendant further stipulate that had the matter gone to trial, the United States would have proven the following facts beyond a reasonable doubt:

**I. Introduction**

1. Defendant SAMER A. NAJIA ("NAJIA") resided in Alexandria, Virginia, within the Eastern District of Virginia.

2. From in or around 2006 through early 2019, Defendant NAJIA was the sole owner and operator of Najia Systems, LLC ("Najia Systems"), an information technology (IT) subcontractor and consulting service provider located in Alexandria, Virginia. Throughout the same period, Defendant NAJIA exercised exclusive control over Najia Systems's financial affairs, including payroll decisions.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for administering the federal tax laws of the United States.

4. The Federal Insurance Contribution Act ("FICA") requires employers to withhold from employees' payroll Medicare and Social Security taxes. The Internal Revenue Code also

requires employers to withhold federal income taxes. Collectively, these withheld taxes are referred to as "trust fund taxes." Employers are required to remit these withheld trust fund taxes to the IRS on either a monthly or semi-weekly basis depending on the total amount of taxes owed in a prior one-year lookback. Here, NAJIA was obligated to remit the collected trust fund taxes on a semi-weekly basis. Separately, employers are required to pay an employer portion of Medicare and Social Security taxes. The trust fund taxes along with the employer's portion of taxes are collectively referred to as "payroll taxes."

5. Employers are required to file with the IRS, on a quarterly basis, an Employer's Quarterly Federal Income Tax Return("Form 941"). The Form 941 is due at the end of the month following the end of each calendar quarter and reports the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of FICA taxes withheld, and the total tax deposits or tax payments due.

6. Unless exempt under specific rules, all domestic corporations must file an income tax return whether or not they have taxable income.

## II. Employment Tax Scheme

7. As the sole owner and operator of Najia Systems, NAJIA exercised exclusive control over the company's payroll, finances, and personnel decisions. NAJIA was responsible for recording and remitting payroll, and he had sole signature authority over the company's bank account. He was also responsible for maintaining the company's internal financial records and providing the necessary documents for the annual preparation of his individual and business income tax returns. As such, NAJIA was a "responsible person:" that is, NAJIA was a person required to collect, account for on quarterly Forms 941, and pay over to the IRS on behalf of Najia Systems the trust fund taxes imposed on its employees by the Internal Revenue Code.

8. As NAJIA knew, employers are required to file Forms 941 quarterly, file employee Forms W-2 annually, and pay over the payroll taxes to the IRS on a periodic basis. From at least the first quarter of 2012 through the fourth quarter of 2018, in the Eastern District of Virginia, NAJIA did knowingly withhold and collect trust fund taxes from his employees' payroll but willfully chose to not file the required Forms 941 or pay the taxes that he had withheld from his employees to the Internal Revenue Service as required. In total, NAJIA did not file Forms 941 for at least 24 quarters, and he did not timely remit at least $724,026 in trust fund taxes.

9. Throughout the same period, NAJIA also knowingly and willfully failed to pay Najia Systems's share of Medicare and Social Security taxes that were due and owing as a result of the payment of its employees' wages. The employer share that he did not pay totaled $191,646.

10. As the company's sole payroll bookkeeper and sole signatory on the company's bank account, NAJIA knew that taxes were being withheld from employee payroll but that he had not paid more than $915,000 in payroll taxes to the IRS.

11. Furthermore, at the time, NAJIA knew how payroll taxes were remitted and reported to the IRS, as he had filed Forms 941 on prior occasions for Najia Systems. NAJIA had also filed and paid Virginia state employment taxes throughout the years in question.

12. Additionally, in 2016 and 2017, the IRS repeatedly advised NAJIA and another employee of Najia Systems that it had not received their income tax payments for 2014. The employee reached out to Najia to inquire about why income taxes had not been remitted and NAJIA told the employee that it had been a "mistake." After receiving these notices, NAJIA paid the IRS for the back due income taxes that he and the employee owed for the 2014 tax year. NAJIA did not, however, take any steps to file the past due tax returns, to pay the other taxes due, or to

change his tax conduct. Instead, he continued to collect but not pay payroll taxes, and he continued to not file the required payroll tax returns.

13. As of the date of the execution of this Statement of Facts, NAJIA willfully failed to timely pay approximately $724,026 of trust fund taxes and $191,646 of the employer's portion of payroll taxes, for a total tax loss of approximately $915,671, as summarized in the table below. Of this amount, Najia late paid $74,375 towards his 2014 payroll tax liability, and but still owes $841,297 in restitution.

***Najia Systems LLC Employment Tax Losses (2012 - 2018)***

| *Tax Period/Year* | *Federal Income Tax Due* | *Social Security Tax Due* | *Medicare Tax Due* | *Total Employee Tax Due* | *Employer - Matching Social Security Tax Due* | *Employer - Matching Medicare Tax Due* | *Total Employer Matching Employment Tax Due* |
|---|---|---|---|---|---|---|---|
| 2012 | $84.337 | $16.020 | $6.654 | $107,011 | $16.020 | $6.654 | $22.674 |
| 2013 | $90.518 | $24.943 | $7.067 | $122.528 | $24,943 | $7.067 | $32.010 |
| 2014 | $81.806 | $21.781 | $6.342 | $109.929 | $21.781 | $6.342 | $28.123 |
| 2015 | $86.424 | $21.743 | $6.647 | $114.814 | $21.743 | $6.647 | $28.390 |
| 3/31/2016 | $21.159 | $7.146 | $1.671 | $29.976 | $7.146 | $1.671 | $8.817 |
| 6/30/2016 | $22.133 | $7.282 | $1.794 | $31.210 | $7.282 | $1.794 | $9.076 |
| 9/30/2016 | $23.414 | $5.659 | $1.835 | $30.908 | $5.659 | $1.835 | $7.494 |
| 12/31/2016 | $24.019 | $4.297 | $1.899 | $30.215 | $4.297 | $1.899 | $6.196 |
| 3/31/2017 | $14.513 | $5.492 | $1.295 | $21.300 | $5.492 | $1.295 | $6.787 |
| 6/30/2017 | $14.513 | $5.492 | $1.295 | $21.300 | $5.492 | $1.295 | $6.787 |
| 9/30/2017 | $13.820 | $5.220 | $1.231 | $20.272 | $5.220 | $1.231 | $6.452 |
| 12/31/2017 | $10.777 | $4.254 | $1.005 | $16.035 | $4,254 | $1.005 | $5.258 |
| 3/31/2018 | $12.500 | $5,314 | $1.249 | $19.063 | $5.314 | $1.249 | $6.563 |
| 6/30/2018 | $10.816 | $4.696 | $1.104 | $16.615 | $4.696 | $1.104 | $5.800 |
| 9/30/2018 | $10.816 | $4.696 | $1.104 | $16.615 | $4.696 | $1.104 | $5.800 |
| 12/31/2018 | $10.816 | $4.315 | $1.104 | $16.235 | $4.315 | $1.104 | $5.419 |
| Total | $532,380 | $148,351 | $43,295 | $724,026 | $148,351 | $43,295 | $191,646 |

## III. False Individual Tax Returns

14. From 2012 to 2018, NAJIA also knowingly and willfully filed false individual income tax returns with the IRS that materially misrepresented the amount of taxes that NAJIA systems had paid to the IRS on his behalf, and therefore, the amount of taxes that he still owed.

15. On or around April 18, 2017, in the Eastern District of Virginia, the defendant willfully made, subscribed, and filed and caused to be filed with the Internal Revenue Service a false Individual Income Tax Return, Form 1040, for calendar year 2016, which was verified by a written declaration that it was made under the penalties of perjury and which NAJIA did not believe to be true and correct as to every material matter. That tax return falsely reported on line 64 that NAJIA had withheld $57,104 in taxes and further falsely reported on line 74 that he had paid $57,604 in taxes, whereas as NAJIA knew, he had not withheld and remitted $57,104 as he represented.

16. Further, for the 2017 and 2018 tax years, NAJIA knowingly and willfully provided Forms W-2 to his accountant that misrepresented the tax withholdings that he had actually paid to the IRS. NAJIA's accountant subsequently prepared individual tax returns for NAJIA for those years that falsely reported that NAJIA had already withheld and paid approximately $40,000 in taxes. Thereafter, NAJIA signed under penalties of perjury IRS e-file authorization forms for the 2017 and 2018 tax years, indicating that he had reviewed his individual income tax returns for those years and declaring that the individual tax returns were true, correct, and complete. NAJIA then willfully authorized and directed his accountant to e-file his returns for those years, despite knowing that the returns contained materially false statements, regarding his tax withholdings, payments, and the calculation of the taxes that he still owed.

17. From 2012 to 2018, NAJIA willfully filed false individual tax returns that fraudulently reported income tax had been withheld and paid by Najia Systems for Najia and his spouse, as summarized in the table below:

| **Federal Income Tax Falsely Reported Having Been Paid by Samer Najia from 2012 to 2018** | | |
|---|---|---|
| **Tax Year** | **Tax Return** | **Tax Falsely Reported as Paid** |
| 2012 | Form 1040 for Samer Najia | $44,427 |
| 2013 | Form 1040 for Samer Najia | $48,566 |
| 2014 | Form 1040 for Samer Najia | $48,566 |
| 2015 | Form 1040 for Samer Najia | $57,863 |
| 2016 | Form 1040 for Samer Najia | $57,104 |
| 2017 | Form 1040 for Samer Najia | $21,534 |
| 2018 | Form 1040 for Samer Najia | $19,144 |
| 2019 | Form 1040 for Samer Najia | $2,075 |
| **Total Amount of Unpaid Individual Income Tax** | | **$229,279** |

## IV. Conclusion

18. Defendant NAJIA's conduct resulted in total tax losses to the Internal Revenue Service of approximately $915.671, which does not include penalties and interest.

19. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States. and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

20. The actions of the defendant. as recounted above. were in all respects knowing. deliberate. and willful. and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted.

Jessica D. Aber
United States Attorney

Date: February 22, 2023

By: ______________________
Jack Morgan
Assistant United States Attorney

Defendant's Stipulation and Signature: After consulting with my attorney and reviewing the above statement of facts, I stipulate that the above statement of facts is true and accurate. I further stipulate that had the matter proceeded to trial, the United States would have proven the same beyond a reasonable doubt.

SAMER NAJIA
Defendant

Defense Counsel's Signature: I am SAMER NAJIA's attorney. I have carefully reviewed the above statement of facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

David G. Barger
DAVID BARGER
Attorney for Samer Najia

2/20/2023

3/16/2023